BREICHELBIEL, Overseer, *v.* POWLES *et al.*

(*Supreme Court, General Term, Second Department.*   July 2, 1891.)

1. POOR AND POOR-LAWS—INDEMNITY TO TOWN—ACTION ON BOND.

In proceedings against one P. as a disorderly person in not supporting his wife and children, P. was "required to give security in the sum of $250 to the town of O. to indemnify said town against his wife and children becoming in one year chargeable on the public," and the bond given pursuant to such requirement contained an undertaking that P.'s wife and children should not in one year become chargeable on the town, and, "in case of a failure of such undertaking, we * * * will pay to the town of O. the said sum of $250." *Held,* that the bond was one of indemnity only, and the overseer of the poor could only recover such sum as had been paid out on account of P.'s wife and children.

2. APPEALABLE ORDERS.

An appeal from an order of the county judge granting a motion "made upon the judge's minutes, to set aside a verdict upon exceptions, and because the said verdict was excessive, and was contrary to the law and the evidence," is not appealable. *Hand* v. *Dorchester*, 43 Hun, 33, followed.

Appeal from Rockland county court.

Action by John E. Breichelbiel, as overseer of the poor of the town of Orangetown, against George H. Powles and Ella T. Powles, on a bond given by defendants to secure the town against the wife and children of George H. Powles becoming a charge on the town.   The order of the court of special sessions requiring the bond, and the bond itself, are as follows:

"Whereas, complaint having been made before George A. Wyre, a justice of the peace of the county of Rockland and state of New York, that George H. Powles is a disorderly person; and whereas, said justice, on such complaint being made, did duly cause a peace-officer to bring said George H. Powles before him for examination; and whereas, on such examination, the said George H. Powles was adjudged a disorderly person, and required to give security in the sum of $250 to the town of Orangetown to indemnify said town against his wife and children becoming in one year chargeable on the public: Now, therefore, we, George H. Powles and Ella T. Powles, both of the village of Nyack, aforesaid, do hereby undertake, in the sum of $250, that the wife and children of said George H. Powles will not for one year become a charge on the public, or, in case of a failure of such undertaking, we,

the said George H. Powles and Ella T. Powles, will pay to the town of Orange-
town the said sum of $250.                GEORGE H. POWLES.        [L. s.]
    "*Dated November 30th*, 1889.          MRS. ELLA T. POWLES.    [L. s.]"
    A verdict for the full amount of the bond having been rendered in favor of
plaintiff, a motion for a new trial was granted, unless plaintiff should stipu-
late to reduce the verdict to $28, the amount of the expense incurred by plain-
tiff in behalf of the town, and plaintiff appeals.
    Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
    *Abram A. Demerest,* for appellant.   *Garrett Z. Snider,* for respondents.

PRATT, J.   The bond in suit was one of indemnity.   Such is the plain im-
port of the language, which cannot be extended by the court to meet any sup-
posed requirement of the statute.   A surety cannot be held to a larger re-
sponsibility than the language of the bond requires.   The county judge was
therefore right in requiring the plaintiff to stipulate to reduce the verdict to
$28, as a condition upon which the verdict might stand.   The plaintiff not
stipulating, the verdict was properly set aside.   But there is a more serious
difficulty in appellant's way.   This is an appeal from an order of a county
court granting a motion "made upon the judge's minutes to set aside a verdict
upon exceptions, and because the said verdict was excessive, and was contrary
to law and the evidence."   Under the authority of the case of *Hand* v. *Dor-
chester,* 43 Hun, 33, this case cannot be reviewed by the general term of this
court, and it should be dismissed, without costs, for the reasons stated in that
case by Mr. Justice FOLLETT.   It is so ordered.   All concur.